1  **WO**                                                                SC
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                         **FOR THE DISTRICT OF ARIZONA**
8
9  Karl Louis Guillen,                )    No. CV 10-0226-PHX-MHM (LOA)
                                       )
10            Plaintiff,               )    **ORDER**
                                       )
11 vs.                                 )
                                       )
12 Quincy Owens, et al.,               )
                                       )
13            Defendants.              )
                                       )
14

Plaintiff Karl Louis Guillen, who is confined in the Special Management Unit (SMU) I of the Arizona State Prison Complex-Eyman, in Florence, Arizona, commenced this action by filing a motion for leave to exceed the page limit in his *pro se* civil rights Complaint, which is brought under 42 U.S.C. § 1983; a motion to defer filing fees until September 15, 2010; and an Application to Proceed *In Forma Pauperis*. (Doc.# 1, 3, 4, 5.) Most recently, Plaintiff has filed a motion for a status update hearing. (Doc.# 6.) Plaintiff has not paid the $350.00 civil action filing fee and his *in forma pauperis* application is incomplete. (Doc.# 4.) The Court will grant the motion to exceed the page limit and order the Complaint filed. (Doc.# 1, 5.) The Court will deny the motion to defer the filing fee and will give Plaintiff 30 days to pay the fee or file a completed Application to Proceed *In Forma Pauperis*. Plaintiff's motion for status hearing update hearing will be denied.

**I.     Motion to Exceed the Page Limits**

Plaintiff has filed a motion for leave to exceed the page limit for his lodged

**JDDL**

1  Complaint, which contains 24 pages. (Doc.# 1, 5.) The Court will grant that motion and
2  order the Complaint filed.

## II. Motion for Status Update Hearing

Plaintiff has filed a one paragraph motion requesting a telephonic hearing regarding his request for injunctive relief contained in his Complaint. (Doc.# 6.) Plaintiff has not filed a motion for a temporary restraining order or a preliminary injunction. Further, as discussed below, he has not submitted a complete *in forma pauperis* application or paid the filing fee. If Plaintiff wishes to apply for a temporary restraining order or a preliminary injunction, he must file a separate motion in accordance with Rule 65 of the Federal Rules of Civil Procedure. Further, Plaintiff's Complaint will not be screened or ordered served unless and until Plaintiff either pays the filing fee or is granted leave to proceed *in forma pauperis*. Accordingly, Plaintiff's motion for a hearing will be denied.

## III. Payment of Filing Fee and Motion for Deferral

When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed *in forma pauperis* requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the six months preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). An inmate must submit statements from each institution where he was confined during the six-month period. Id. To assist prisoners in meeting these requirements, the Court requires use of a form application. LRCiv 3.4(a).

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An initial partial filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4). The balance of the fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00.

28 U.S.C. § 1915(b)(2).

Plaintiff has filed a motion for deferral of compliance with the statutory requirements until September 15, 2010, when he expects to receive donations from a book agent. (Doc.# 3.) Plaintiff states that he will then pay the filing fee in full and that such will save prison resources. There are no provisions under the statute for the deferral of payment of filing fees. Plaintiff's motion will be denied.

**IV.    Application Fails to Comply With Statute**

Plaintiff has used the court-approved form and completed the "Consent to Collection of Fees from Trust Account" section. (Doc.# 4.) Plaintiff has not, however, had the "Certificate of Correctional Official as to Status of Applicant's Trust Account" section completed or submitted a certified six-month trust account statement. In light of these deficiencies, Plaintiff will be permitted 30 days to either pay the $350.00 filing fee or file a complete Application to Proceed *In Forma Pauperis*.

**V.    Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's motion to defer payment of the filing fee is **denied**. (Doc.# 3.)

(2) Plaintiff's motion to exceed the page limit in his lodged Complaint is **granted** and his Complaint must be filed. (Doc.# 1, 5.)

(3) Plaintiff's motion for status update hearing is **denied**. (Doc.# 6.)

(4) Plaintiff's Application to Proceed *In Forma Pauperis* is **denied without prejudice**. (Doc.# 4.)

(5) Within 30 days of the date this Order is filed, Plaintiff must either pay the $350.00 filing fee **or** file a completed Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

(6) If Plaintiff fails to either pay the $350.00 filing fee or file a completed Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

(7) The Clerk of the Court must mail Plaintiff a court-approved form for filing an Application to Proceed *In Forma Pauperis* (Non-Habeas).

DATED this 24th day of March, 2010.

_____
Mary H. Murguia
United States District Judge