| | |
|---|---|
| **WO** | SC |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karl L. Guillen, | No. CV 10-0226-PHX-MHM (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Quincy Owens, et al., | |
| Defendants. | |

Plaintiff Karl L. Guillen, who is confined in the Arizona State Prison Complex-Eyman, Special Management Unit I (SMU I), in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and paid the filing fee. (Doc.# 9, 11.)[1] Plaintiff has also filed a notice of payment and motion for status. (Doc.# 12.) The Court will grant the motion for status to the extent stated herein and dismiss the Complaint with leave to amend.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

---

[1] "Doc.#" refers to the docket number of filings in this case.

JDDL-K

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to comply with the Instructions for completing the court-approved form with leave to amend.

**II.   Complaint**

Plaintiff alleges ten counts. Plaintiff alleges violation of the Americans with

Disabilities Act (ADA), 42 U.S.C. §§ 12131-34.[2] Plaintiff also alleges a violation of his due process rights, right of access to the courts, unconstitutional conditions of confinement, and retaliation. He also alleges conspiracy in violation of 42 U.S.C. § 1981.[3] Plaintiff sues the following current or former employees of the Arizona Department of Corrections (ADC), who are or were employed at ADC's Central Office: Director Charles Ryan; former Directors, Terry Stewart[4] and Dora Schriro; Corrections Officer (CO) IV Baca; Offender

---

[2] The ADA is applicable in the prison context. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 213 (1998). Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "public entity" is "any State or local government; [or] (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government...." 42 U.S.C. § 12131. Individuals, however, may *only* be sued under the ADA in their official, rather than, their individual capacities. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) (plaintiff cannot sue state officials in their individual capacities to vindicate rights created by Title II of the ADA). To state an ADA claim, a plaintiff must allege facts to support that he: "(1) is a handicapped person; (2) that he is otherwise qualified; and that [prison officials'] actions either (3) excluded his participation in or denied him the benefits of a service, program, or activity; or (4) otherwise subjected him to discrimination on the basis of his physical handicap." Duffy v. Riveland, 98 F.3d 447, 455 (9th Cir. 1996).

[3] To state a claim under § 1981, a plaintiff must allege facts to support that (1) he is a member of a racial minority; (2) defendant intends to discriminate against him on the basis of race; and (3) the alleged discrimination concerned one or more of the activities enumerated in the statute. Mian v. Donaldson, Lufkin & Jenrette, 7 F.3d 1085, 1087 (2d Cir. 1993); accord, Morris v. Office Max, Inc., 89 F.3d 411, 433 (7th Cir. 1996); Green v. State Bar of Texas, 27 F.3d 1083, 1086 (5th Cir. 1994). Thus, to state a claim under § 1981, a plaintiff must allege facts to support that he suffered discrimination based upon his race. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1487 (9th Cir. 1995). Plaintiff does not allege that he is a member of a racial minority.

[4] Plaintiff sues Terry Stewart for acts while Stewart was Director of the ADC. Stewart left the ADC in November, 2002. For any claim against Stewart to be timely, the claim must have accrued no earlier than January 29, 2008, two years before Plaintiff's Complaint was lodged. "[A] claim generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998). Therefore, it appears likely that any claim against Stewart would be time-barred.

1 Services Administrator Stacey Crabtree; and Appeals Unit Administrator Hauser. Plaintiff
2 also sues the following ADC employees who were employed at the Lewis Complex: Warden
3 Berry Larson and Captains John Yielding and Richard Fisher. Plaintiff sues the following
4 ADC employees who were employed in the Rast Unit of the Lewis Complex: Deputy
5 Warden Quincy Owens; Captain Wilson; Lieutenants Paula Berger and Michelle O'Brien;
6 Sergeants Putnam and Smith; CO IV Roberts; CO IIIs Mendoza and Shannon Aragon; and
7 CO IIs Hatfield and Cristina Renault. Plaintiff sues Warden W. White, Assistant Deputy
8 Warden D. Tuersbuns, and Sergeant Sturm (Eyman Complex Mail & Property), who were
9 or are employed at the Eyman Complex. Finally, Plaintiff sues the following ADC
10 employees who worked in SMU I of the Eyman Complex at relevant times: Deputy Warden
11 Deleena Carrillo and CO III Cioni. Plaintiff seeks declaratory, injunctive, compensatory, and
12 punitive relief.

### III. Failure to Comply with Instructions and Rules

A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a) of the Federal Rules of Civil Procedure. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996). Moreover, under Rule 10(b) of the Federal Rules of Civil Procedure, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). Local Rule 3.4(a) requires prisoners to use court-approved form complaints.

The Instructions state in relevant part that:

> **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.** The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable. All questions must be answered *clearly and concisely* in the appropriate space on the form. If needed, you may attach additional pages, ***but no more than fifteen additional pages***, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action. You do not need to cite law.

(Instructions at ¶ 1) (italics added). The Instructions further provide that:

> 1. Counts. You must identify which civil right was violated. ***You may allege the violation of only one civil right per count***.
> 2. Issue Involved. Check the box that most closely identifies the issue involved in your claim. **You may check only one box per count**. If you check the box marked "Other," you must identify the specific issue involved.
> 3. Supporting Facts. *After you have identified which civil right was violated, you must state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you must identify which defendant did what act. You also should state the date(s) on which the act(s) occurred, if possible.*
> 4. Injury. State *precisely* how you were injured by the alleged violation of your rights.

(Instructions, part C) (italics added).

While Plaintiff used the court-approved form complaint, he did not comply with the Instructions for completing it. Generally, Plaintiff fails to *concisely* allege specific facts to support how *each* particular Defendant violated the particular civil right at issue in a given count. Plaintiff exceeded the page limit, scatters facts throughout the Complaint, and/or includes allegations that are irrelevant to the violation asserted in a particular count. Plaintiff also incorporates paragraphs from one or more counts as the factual basis for a different count rather than concisely alleging facts in support of *each* count. That is, for *each* count, Plaintiff should identify the particular civil right violated, when, how, and by whom. Because Plaintiff has failed to do so in his Complaint, which is rambling, disjointed, and difficult to follow, the Complaint will be dismissed with leave to amend.

## IV. Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to comply with the Instructions. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its

1 entirety on the court-approved form and may not incorporate any part of the original
2 Complaint by reference. Plaintiff may include only one claim per count. Plaintiff must also
3 comply with the Instructions provided with the form. If Plaintiff fails to comply with the
4 Instructions provided with the form, the Court may strike the amended complaint and dismiss
5 this action without further notice to Plaintiff.

6 In each count, Plaintiff must identify the federal constitutional civil right allegedly
7 violated and the issue most closely involved in that count. Plaintiff must also allege which
8 defendant(s) violated the right at issue in the count and specifically how. Plaintiff must
9 repeat this process for each civil right that was violated. Plaintiff may allege only one claim
10 per count.

11 A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963
12 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
13 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as
14 nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original
15 complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d
16 565, 567 (9th Cir. 1987).

17 **V.  Warnings**

18 **A.  Release**

19 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
20 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
21 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
22 in dismissal of this action.

23 **B.  Address Changes**

24 Plaintiff must file and serve a notice of a change of address in accordance with Rule
25 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
26 relief with a notice of change of address. Failure to comply may result in dismissal of this
27 action.

28  /   /   /

| | |
|---|---|
| 1 | **C. Copies** |
| 2 | Plaintiff must submit an additional copy of every filing for use by the Court. <u>See</u> |
| 3 | LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice |
| 4 | to Plaintiff. |
| 5 | **D. Possible Dismissal** |
| 6 | If Plaintiff fails to timely comply with every provision of this Order, including these |
| 7 | warnings, the Court may dismiss this action without further notice. <u>See</u> <u>Ferdik</u>, 963 F.2d at |
| 8 | 1260-61 (a district court may dismiss an action for failure to comply with any order of the |
| 9 | Court). |
| 10 | **IT IS ORDERED:** |
| 11 | (1) The Complaint is **dismissed** for failure to comply with the Instructions for |
| 12 | completing the court-approved form complaint. (Doc.# 9.) Plaintiff has **30 days** from the |
| 13 | date this Order is filed to file a first amended complaint in compliance with this Order. |
| 14 | (2) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of |
| 15 | Court must, without further notice, enter a judgment of dismissal of this action with |
| 16 | prejudice. |
| 17 | (3) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil |
| 18 | rights complaint by a prisoner. |
| 19 | (4) Plaintiff's motion for status update is **granted** to the extent set forth herein. |
| 20 | (Doc.# 12.) |
| 21 | DATED this 1st day of July, 2010. |

_____
Mary H. Murguia
United States District Judge