**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Karl Louis Guillen, | ) | No. CV 10-0226 PHX-JWS (LOA) |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Quincy Owens, et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |

This matter arises on Plaintiff's Motion to Withdraw Request for Depositions Until Receipt of Discovery.  (Doc. 70)

On April 25, 2011, Plaintiff filed a Motion for Leave to Depose Defendants Ryan, Owens, Crabtree, Renault, Berger and Carrillo.  (Doc. 67)  On May 5, 2011, Defendants filed a Response, arguing that there are no "exceptional circumstances" as required by this Court.  (Doc. 69)  Defendants further argued that Plaintiff has not shown the ability to bear the costs of a deposition.  (Doc. 69)  Following that Response, Plaintiff filed the pending motion to withdraw his request to depose Defendants Owens, Crabtree, Berger, Renault and Carrillo.  However, Plaintiff still seeks leave to depose Defendant Ryan.

The Court will grant Plaintiff's Motion to Withdraw the request to depose Defendants Owens, Crabtree, Berger, Renault and Carrillo.  As set forth below, the Court will deny Plaintiff's motion to depose Defendant Ryan.

In the Scheduling and Discovery Order, the Court advised Plaintiff that due to "the logistical problems involved, self-represented incarcerated parties may not take oral

depositions without prior Court permission.  Such permission will not be granted except upon a showing of exceptional circumstances."  (Doc. 55)  Plaintiff argues that exceptional circumstances exist, "including but not limited to evasive official responses in previous correspondence . . . ."  (Doc. 70)  Plaintiff does not explain the evasive responses or explain why such responses constitute an exceptional circumstance.  Furthermore, Plaintiff's use of the phrase "including but not limited to . . ." suggests that there might be other circumstances which would warrant deposing Defendant Ryan.  They are not, however, listed and therefore not evaluated by the Court.  Thus, the Court will deny Plaintiff's motion to depose Defendant Ryan.  The Court notes that because Ryan is a party to this action, Plaintiff can obtain discovery through other means in accordance with the Federal Rules of Civil Procedure, such as interrogatories.  *See* FED.R.CIV.P. Rule 26, 33.

Because Plaintiff has not established exceptional circumstances supporting his motion to depose Defendant Ryan, and Plaintiff may obtain discovery through other means in accordance with the Federal Rules of Civil Procedure, the Court will deny the Motion for Leave to Depose Defendant Ryan.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Withdraw Request for Deposition of Defendants Owens, Crabrtree, Berger, Renault and Carrillo, doc. 70, is **GRANTED**.  The Motion for Leave to Conduct Deposition of Defendant Ryan, doc. 67, is **DENIED.**

DATED this 27th day of June, 2011.

Lawrence O. Anderson
United States Magistrate Judge