**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karl L. Guillen,<br><br>   Plaintiff,<br><br>vs.<br><br>Quincy Owens, et al.,<br><br>   Defendants. | No. CV-10-226-PHX-JWS (LOA)<br><br>**ORDER** |

   This matter is before the Court on the following motions: (1) Plaintiff's Motion to Compel, doc. 104; (2) Plaintiff's Motion for Sanctions against Defendant Ryan, doc. 133; and (3) Plaintiff's Motion to Strike Defendant Ryan's Response to Plaintiff's Motion for Sanctions, doc. 150. These motions are fully briefed and ripe for ruling. As set forth below, the Motion to Compel is granted in part and denied in part. And Plaintiff's motions to strike and for sanctions are denied.

**I. Background**

   Plaintiff, who is confined in the Arizona State Prison Complex-Eyman, Special Management Unit I (SMU I), in Florence, Arizona, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 9) The Court dismissed the complaint with leave to amend, doc. 14, and Plaintiff filed a First Amended Complaint ("FAC") and a motion for injunctive relief, docs. 17 & 18. After screening the FAC pursuant to 28 U.S.C. § 1915A(a), the Court denied the motion for injunctive relief and ordered, *inter alia*, Defendant Ryan to answer Counts I (in part),

II (in part), III (in part), and V (in part). (Doc. 20) The Court found that Plaintiff adequately alleged violations of the Due Process Clause and the Eighth Amendment.

Plaintiff served Defendant Ryan with requests for interrogatories, admissions, and production. (Doc. 104) On July 28, 2011, after Defendant Ryan responded to Plaintiff's requests, Plaintiff filed a Motion to Compel Defendant Ryan to produce specific items and respond to discovery requests, stating generally that Defendant Ryan's answers and objections to Plaintiff's requests were inadequate. (Doc. 104) Defendant Ryan's response stated generally that his objections were proper, and that Plaintiff's requests were vague or irrelevant. (Doc. 118) Plaintiff's reply basically reiterates the same points as his Motion to Compel.

On August 26, 2011, Plaintiff filed a motion for sanctions against Defendant Ryan, claiming that Defendant Ryan committed perjury, was evasive, or misrepresented facts to the Court regarding (1) the reason Plaintiff was transferred to SMU; (2) whether Defendant Ryan was a defendant in an alleged related case; (3) the existence and creation of temperature logs; (4) whether the Arizona Department of Corrections tracks disciplinary actions of each inmate; (5) the feasibility of compiling records of specific complaints; (6) the feasibility of identifying parties who authorized transfers; and (7) whether Defendant Ryan knows the definition of the term "involved in." (Doc. 133) Defendant Ryan opposes Plaintiff's Motion for Sanctions. (Doc. 137)

On September 19, 2011, Plaintiff filed a Motion to Strike Defendant Ryan's response to Plaintiff's Motion for Sanctions, claiming again that Defendant Ryan, among other things, committed perjury. (Doc. 150) Defendant Ryan responds that Plaintiff fails to state a sufficient basis to strike Defendant Ryan's response. (Doc. 158)

**II. Legal Standard and Relevant Law**

**A. Discovery Requests**

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "An interrogatory may

relate to any matter that may be inquired into under Rule 26(b)[,]" and objections "must be stated with specificity." Fed.R.Civ.P. 33(a)(2). The Court may limit discovery requests when "the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(2)(C)(iii).

A party may request documents by describing "with reasonable particularity each item or category of items." Fed.R.Civ.P. 34(b)(1)(A). The responding party must produce documents in his "possession, custody, or control." Fed.R.Civ.P. 34(a)(1). "Control is defined as the legal right to obtain documents upon demand." *United States v. Int'l Union of Petrol. & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). "Thus, [a] party responding to a Rule 34 production request . . . is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control." *Hill v. Eddie Bauer*, 242 F.R.D. 556, 560 (C.D. Cal. 2007) (quotation marks omitted).

When a party makes a request for admission, and when answering in "good faith requires that [the responding] party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed.R.Civ.P 36(a)(4).

**B. Sanctions**

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), . . . the [C]ourt, on motion and after giving an opportunity to be heard[,] . . . may order payment of reasonable expenses, including attorney's fees." Fed.R.Civ.P. 37(c)(1). "Rule 37 sanctions are intended to punish evasion of pre-trial discovery." *Shervin v. Perez*, 925 F.2d 1470 (9th Cir. 1991). A court may also assess sanctions pursuant to its inherent power, including sanctions "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) (quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980)); *see Okonkwo v. Glendale Union High Sch. Dist.*, 2009 WL 536568 (D.Ariz. Mar. 4, 2009).

**C. Motion to Strike**

Local Rule of Civil Procedure 7.2(m)(1) provides that "[u]nless made at trial, a motion to strike may be filed only if it is authorized by statute or rule . . . or if it seeks to strike

- 3 -

a part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv. 7.2(m)(1). Under the Federal Rules of Civil Procedure, "[t]he [C]ourt may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Pleadings are limited to complaints and third-party complaints, answers to complaints and third-party complaints, answers to counterclaims designated as counterclaims, answers to crossclaims, and court-ordered replies to answers. Fed.R.Civ.P. 7(a); *Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir. 1995) ("Rule 7 explicitly excludes everything else from its definition of pleadings."); *Yount v. Regent Univ., Inc.*, 2009 WL 995596, at *11 (D.Ariz. Apr. 14, 2009).

**D. Due Process**

When an inmate is transferred to a more confined facility or cell, courts generally determine "what process an inmate must be afforded under the Due Process Clause," *Wilkinson v. Austin*, 545 U.S. 209, 220 (2005), and whether the new facility or cell will "impose[] atypical and significant hardship on the inmate" or "inevitably affect the duration of his sentence." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995); *accord Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007); *Keenan v. Hall*, 83 F.3d 1083, 1088 (9th Cir. 1996).

The substantive component of the due process clause "bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (quotation marks omitted); *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). The procedural component of the due process clause protects against the deprivation by state action of "life, liberty, or property, without due process of law." U.S. Const., Amend. 14, § 1; *Zinermon*, 494 U.S. at 125. It is not the deprivation of life, liberty, or property that is procedurally unconstitutional; rather, it is the deprivation without the requisite due process. *Zinermon*, 494 U.S. at 125; *Carey v. Piphus*, 435 U.S. 247, 259 (1978). Therefore, discovery based on a claim of a violation of due process must be relevant to those claims.

- 4 -

### E. Eighth Amendment

Discovery based on a claim of a violation of the Eighth Amendment must be relevant to whether a plaintiff was denied "the minimal civilized measure of life's necessities," *Keenan*, 83 F.3d at 1089, and "whether the officials involved acted with 'deliberate indifference' to the inmates' health or safety.'" *Hope v. Pelzer*, 536 U.S. 730, 738 (2002) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)); *accord Keenan*, 83 F.3d at 1089.

## III. Analysis

### A. Plaintiff's Motion to Compel

#### 1. Request for Production No. 2

Plaintiff requests "[any] and [all] documents related to the case in re MARK KOCH v. CHUCK RYAN, et al. (2003)." (Doc. 118 at 3) Defendant Ryan objects to this request, stating it is irrelevant, overbroad, vague, ambiguous, and that he is not obligated to conduct Plaintiff's research. (*Id.*)

Plaintiff alleges that Defendants have violated his due process and Eighth Amendment rights. However, Plaintiff fails to show how documents relating to another inmate's decade-old case are relevant to his own due process and Eighth Amendment claims. Even assuming that Plaintiff could show that the prison official in that case violated that inmate's due process or Eighth Amendment rights, that violation is not relevant as to whether Defendant Ryan violated Plaintiff's due process or Eighth Amendment rights. *See Hope*, 536 U.S. at 738 (describing requirements for an Eighth Amendment claim); *Zinermon*, 494 U.S. at 125 (describing requirements for a due process claim). The Court finds that Defendant Ryan's objection is proper, and denies Plaintiff's request as to Production No. 2 .

#### 2. Request for Production No. 3

Plaintiff requests "[any] and [all] notes, documents, letters, memoranda, files, records, record books, logs, grievance reports or written communications concerning Plaintiff, to include electronic communications (emails, telephonic recordings via official ADC procedures for all State prisons)." (Doc. 118 at 5)  Defendant Ryan objects, stating the request

1 is, among other things, overbroad; vague and ambiguous as to time frame, scope, and subject
2 matter; and precluded by A.R.S. § 31-221. (*Id.*)

3         Plaintiff claims that "[t]he documents are necessary to show that Plaintiff has
4 exhausted every remedy administratively," and "to show the court the deceptive and arbitrary
5 practices of R[yan]." (Doc. 104 at 2) The Court "must limit the . . . extent of discovery
6 otherwise allowed by these rules or by local rule if it determines that[] the discovery sought is
7 unreasonably cumulative." Fed.R.Civ.P. § 26(b)(2)(C). Plaintiff's request for "[any] and [all]
8 notes, documents, letters, memoranda, files, records, record books, logs, grievance reports or
9 written communications concerning Plaintiff" is unreasonably cumulative because many of the
10 requested documents are likely to fall outside the scope of the claims brought in this action.
11 However, Plaintiff seems to have attempted to limit his request to merely the temperature logs,
12 docs. 104 at 2, and 133 at 3-4, and Defendant Ryan appears to have acknowledged the
13 limitation, docs. 118 at 5, and 137 at 2-3.

14         Regarding temperature logs that Plaintiff requests, doc. 104 at 2, Defendant Ryan
15 states "there are no temperature logs made by Sgt. Key, or anyone else," doc. 118 at 5. Plaintiff
16 attached documents to his motion for sanctions, doc. 133, that have temperatures recorded in
17 them, and Defendant Ryan states that those documents are logs in which Sgt. Key recorded
18 temperatures, but are "not considered to be [] formal 'Temperature Log[s],'" doc. 137 at 3. He
19 further states that "a detailed analysis of the temperature at a given unit would require staff to
20 go through all of the continuous correctional logs and create a compilation of that data." (*Id.*)
21 However, Plaintiff does not request a detailed analysis of temperatures in the units or a
22 compilation of data from the documents; rather, he requests only the documents on which the
23 temperatures were already recorded. Accordingly, the Court will limit Plaintiff's request to logs
24 in which temperatures were recorded, and authorize Defendant Ryan to redact information as
25 necessary for the safety of inmates and correctional facility staff.

26         Therefore, the Court grants Plaintiff's request for Production No. 3, subject to the
27 limitation of logs in which temperatures were recorded and redacted as necessary for security
28 purposes.

- 6 -

**3. Request for Production No. 7**

Plaintiff requests "any and all reports, files, procedures, instructions, notes, memoranda, internal communications, procedures and regulations concerning long-term isolation, psychological & Physiological effects of long-term isolation generated by ADOC, contractors, physicians, or outside bodies." (Doc. 118 at 6) (capitalization omitted) Defendant Ryan objects, stating the request is "irrelevant and not calculated to lead to admissible evidence at trial, overbroad, vague and ambiguous as to scope and issue, unduly burdensome, and that he [is] not obligated to conduct Plaintiff's research."

Although documents relating to the effects of long-term isolation might "be reasonably calculated to lead to the discovery of admissible evidence," Fed.R.Civ.P. 26(b)(1); *see Hutto v. Finney*, 437 U.S. 678, 686 (1978) (stating that "the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards"), requesting Defendant Ryan to produce these materials is akin to asking Defendant Ryan to perform Plaintiff's legal or medical research. Defendant Ryan states that "ADC does not have any materials on the issues sought." (Doc. 118 at 6) Accordingly, the Court will deny the motion to compel as to Plaintiff's request for Production No. 7.

**4. Request for Production No. 8**

Plaintiff requests "[a]ll documents discovered in interrogatory questions #8-13." (Doc. 118 at 6) (capitalization omitted) Defendant Ryan objects, stating the request is, among other things, "irrelevant and not calculated to lead to admissible evidence at trial; overbroad." (*Id.*)

Pursuant to Federal Rule of Civil Procedure 26(b), the Court finds that this request is unreasonably cumulative and will result in the production of documents that are irrelevant to Plaintiff's claims. For example, Interrogatory No. 8 requests generally that Defendant Ryan identify any documents related to complaints about conditions of confinement at SMU I. (Doc. 118 at 9) Most of those documents would be irrelevant to Plaintiff's own due process and Eighth Amendment claims. Accordingly, the Court finds that Defendant Ryan's objection to request for Production No. 8 is proper, and denies Plaintiff's request.

**5. Request for Production No. 9**

Plaintiff requests "[e]xpert reports and documents produced by ADC and Opponents in *Koch v. Lewis, et al.*, CIV90-1872, concerning indefinite SMU-type confinement and its effects, due process, and all issues involved in that same matter." (*Id.* at 7) Defendant Ryan asserts the same objections he asserted to Request for Production No. 2, and he also objects that this request is unreasonably cumulative, because it is a duplicative request. (*Id.*)

The Court agrees with Defendant Ryan that this request is included within Plaintiff's request for Production No. 2. The Court finds, as it did with Plaintiff's request for Production No. 2, that Plaintiff fails to show how documents relating to another inmate's decade-old case are relevant to his own due process and Eighth Amendment claims, and denies Plaintiff's request.

**6. Request for Production No. 10**

Plaintiff requests "all documents produced in the [*Koch v. Lewis*] matter." (*Id.*) (capitalization omitted) Defendant Ryan's objections are the same as those in Request for Production Nos. 2 and 9. (*Id.*) The Court agrees with Defendant Ryan that this is a duplicative request, and denies Plaintiff's request.

**7. Request for Interrogatories No. 3**

Plaintiff requests that Defendant Ryan "identify any records, redacted if necessary to protect the names of the individuals, any and all inmates who have been taken to the 'hole' (i.e., [R]DU's Detention Units, SMU's, or restrictive confinement) for 'Playing Cards[,]' Gambling from 2000 to present," or further if necessary to find such inmates. (Doc. 118 at 7) (capitalization omitted) Defendant Ryan objects, stating, among other objections, that Plaintiff "[s]eeks the creation of a document not currently in existence." (*Id.* at 8) He further states that "if an inmate was sent to detention or a higher custody level sometime after being found guilty of gambling, there could be any number of other reasons why he was moved." (*Id.*)

Plaintiff claims that Defendant Ryan's alleged arbitrary restrictive confinement of Plaintiff violated his right to due process. Whether other inmates have ever been similarly restrictively confined for gambling may be relevant to this claim. Although Plaintiff asserts

- 8 -

1 this information may be easily searched "like Google," Defendant Ryan argues that adhering
2 to the request would require him "to go through each individual inmate's file." The importance
3 of this issue does not outweigh the burden of going through each inmate's file individually, and
4 Plaintiff can support his due process claim using other means. *See* Fed.R.Civ.P. 26(b)(2)(C)(iii)
5 (stating courts must limit discovery when it determines that "the burden or expense of the
6 proposed discovery outweighs its likely benefit, . . . considering the needs of the case").

   To the extent that this request would require Defendant Ryan to go through each
inmate's file individually, the Court finds that Defendant Ryan's objection is proper, and denies
Plaintiff's request as to Interrogatory No. 3. Moreover, the temporal scope of the request (2000
to the present) is too broad.

**8. Request for Interrogatories No. 4**

Plaintiff requests that Defendant Ryan "identify the evidence of Plaintiff being a threat to any/all DNHW's (Do Not House With's), by D0801 behavioral indicators, i.e., actual behavior, threats, or some action taken against any individual that would not comport with ADOC or State policy, rules, laws, and federal law." (Doc. 118 at 8) Defendant Ryan objects, stating the request is "overbroad and vague and ambiguous as to scope and duration and that it request[s] confidential and sensitive information, some of which is [sic] he is precluded from obtaining by [A.R.S. § 31-221(E)]." (*Id.*) Defendant Ryan also states that "[i]n this case, only one inmate on [Plaintiff's] DNHW list is at issue, and . . . [Plaintiff] already knows this inmate has an issue with him and what the issue is." (Doc. 118 at 9)

Assuming § 31-221(E) prohibits the voluntary release of the requested information, it does not amount to a privilege to avoid compliance with the discovery processes in cases filed in federal court. Although Fed.R.Civ.P. 26(b)(1) specifically provides that privileged items are excluded from the scope of discoverable matters, Fed.R.Evid. 501 requires that as to federal claims, federal laws of privilege apply. Defendant cites no federal privilege that would preclude discovery of the materials requested. Thus, the Court finds that A.R.S. § 31-221(E) does not preclude discovery of the materials requested in Interrogatory No. 4. Therefore, the Court grants Plaintiff's request as to Interrogatory No. 4.

1  To the extent that legitimate security concerns could arise from the compliance with this interrogatory, Defendant Ryan may redact as necessary information that discloses the identity of specific inmates or officers, or any other matter that may otherwise create a specific threat to institutional security.

**9. Request for Interrogatories No. 8**

Plaintiff requests that Defendant Ryan "[i]dentify any documents related to any complaint, grievance, criticism, censure, reprimand or rebuke directed towards conditions of confinement at Special Management Unit One." (Doc. 118 at 9)  Defendant Ryan objects, stating the request is "irrelevant and not calculated to lead to admissible evidence; overbroad; ambiguous as to scope, issue, and timeframe; unduly burdensome; and precluded by A.R.S. § 31-221." (Doc. 118 at 9)

Other inmates' claims are not relevant to Plaintiff's claims regardless of whether another inmate was afforded due process or suffered a violation of his Eighth Amendment rights. Accordingly, the Court finds that Defendant Ryan's objection is proper, and denies Plaintiff's request as to Interrogatory No. 8.

**10. Request for Interrogatories No. 9**

Plaintiff requests that Defendant Ryan "[i]dentify any documents electronically stored or written files, pertaining to Plaintiff." (Doc. 118 at 9)  Defendant Ryan's objections are the same as those to Request for Production No. 3.  (*Id.*)

The Court agrees with Defendant Ryan that the majority of information kept in those files is unrelated to Plaintiff's claims and the request is overbroad. Accordingly, the Court finds that Defendant Ryan's objection is proper, and denies Plaintiff's request as to Interrogatory No. 9.

**11. Request for Interrogatories No. 10**

Plaintiff requests that Defendant Ryan "[i]dentify any and all parties by name and title who authorized transfers, audited Plaintiff's AIMS DI09 and other screens."  (*Id.* at 10) Defendant Ryan objects, stating he has "no personal knowledge as to who audited [Plaintiff's]

- 10 -

1 AIMS, [and] that the request [is] irrelevant to the case at hand, overbroad, and ambiguous as to
2 timeframe." (*Id.*)

3 The Court agrees with Defendant Ryan that the request is overbroad and ambiguous.
4 The identification of all parties who have ever authorized a transfer is outside the scope of
5 Plaintiff's claims. Accordingly, the Court denies Plaintiff's request as to Interrogatory No. 10.

### 12. Request for Interrogatories No. 11

7 Plaintiff requests that Defendant Ryan "[i]dentify any and all documents related to
8 previous legal actions, complaints, to which [he has] been a party to in any court regarding
9 conditions of confinement." (*Id.*) Defendant Ryan objects, stating the request is "irrelevant,
10 overbroad, vague and ambiguous as to scope and timeframe, and unduly burdensome." (*Id.*)
11 He further states that "other inmates' complaints . . . are irrelevant to any claims [Plaintiff] is
12 making." (*Id.*) The Court agrees that other inmates' complaints are irrelevant to Plaintiff's
13 claims. Accordingly, the Court finds that Defendant Ryan's objection to is proper, and denies
14 Plaintiff's request as to Interrogatory No. 11.

### 13. Request for Interrogatories No. 12

16 Plaintiff requests that Defendant Ryan "[i]dentify any and all documents, PACE file
17 entries, related to any complaint, grievance, criticism, censure, reprimand or rebuke, directed
18 toward Quincy Owens, COIV Roberts, COIV Baca, COII D. Hatfield, Capt. R. Fisher, Lt. Paula
19 Berger, Cristina Renault, Sgt. D. Putnam, and defendants (authorized by the Court) in this
20 action." (Doc. 118 at 11) Defendant Ryan objects, stating the request is "irrelevant, overbroad,
21 vague and ambiguous as to issue and timeframe, unduly burdensome, and [seeks] confidential
22 and sensitive records, including personnel records." (*Id.*) He further states that grievances
23 "would be entirely irrelevant unless they were directly related to that officer's treatment of
24 Plaintiff." (*Id.*)

25 While § 31-221(E) does not apply to personnel records, *Osborn v. Bartos*, 2010 WL
26 3809847, at *15 (D.Ariz. Sept. 20, 2010), the Court agrees that the grievances would be
27 irrelevant unless the were related to the treatment of Plaintiff. Plaintiff's claims involve only

- 11 -

*his* Eighth Amendment and due process rights. Accordingly, the Court finds that Defendant Ryan's objection is proper, and denies Plaintiff's request as to Interrogatory No. 12.

### 14. Request for Interrogatories No. 13

Plaintiff requests that Defendant Ryan "[i]dentify any and all documents used to transfer Plaintiff to RDU on May 8, 2009; and to SMU I in August 2009." (Doc. 118 at 11) Defendant Ryan objects, stating the request is "irrelevant information and [is] vague as to the kind of documents [Plaintiff is] seeking." (*Id.*) He further states "[i]t is unclear whether [Plaintiff] merely seeks the administrative paperwork that is filled out every time an inmate is transferred, and which would be irrelevant;" whether he seeks reports relating to the DNHW, which he already has; or something entirely different. (*Id.* at 11-12)

Defendant Ryan's objection is improper. Plaintiff requests that Defendant Ryan identify *all* documents used to transfer him on two particular dates. Defendant Ryan's objection states that Plaintiff should have identified the documents that Defendant Ryan is to identify. If Plaintiff could identify those documents, he would have no need for the interrogatory.

Defendant Ryan's objection also states that administrative paperwork is irrelevant, but he does not explain why it is irrelevant. Plaintiff's procedural due process claim requires that he show a deprivation of a constitutionally protected liberty or property interest and *a denial of adequate procedural protections*. *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). Administrative paperwork or other transfer documents that show when, why, or by whom Plaintiff was transferred "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Accordingly, the Court grants Plaintiff's request as to Interrogatory No. 13.

### 15. Request for Admission No. 3

Plaintiff requests that Defendant Ryan admit that "P[laintiff] has been in some form of solitary confinement . . . for over 14 years due to [administrative] (i.e., non-disciplinary, non-behavioral acts) overrides, and policy rationale." (Doc. 118 at 12) Defendant Ryan denies this matter, stating that "[w]hile [Plaintiff's] current placement in SMU I is the result of an administrative override, . . . he was previously housed in maximum custody in part because he

was found guilty of murdering another inmate." (*Id.*) Plaintiff replies by claiming that only two years of SMU detention were behavioral-related, while "[t]he other 14+ years and counting are NOT behavioral." (Doc. 132 at 10)

Plaintiff's conclusory allegation that Defendant is lying is not supported by anything other than Plaintiff's opinion. While the parties disagree on the reasons Plaintiff has been housed in maximum custody, Defendant Ryan's denial fairly responds to the substance of the matter. *See* Fed.R.Civ.P. 36(a)(4). Plaintiff has not shown that Defendant Ryan's denial is improper. Accordingly, the Court denies Plaintiff's request as to Admission No. 3.

**16. Request for Admission No. 6**

Plaintiff requests that Defendant Ryan admit that he has "been involved in cases where inmate(s) have been released from extreme duration and degree of SMU-type confinement." (Doc. 118 at 12) Defendant Ryan objects, stating the term "involved in" is vague and ambiguous. (*Id.*)

Defendant Ryan opines that "involved in" has more than one meaning, and Plaintiff does not attempt to clarify what he means by asking Defendant Ryan to admit to being involved in certain cases. Indeed, active involvement differs from passive involvement, which both differ from being involved merely by association. However, this request for admission could be answered using qualifying language according to Defendant Ryan's understanding of the meaning of "involved in." *See* Fed.R.Civ.P. 36(a)(4) ("[W]hen good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest."). Accordingly, Defendant Ryan must either deny the matter, or qualify his admission with his understanding of the term "involved in." Therefore, the Court grants Plaintiff's request as to Admission No. 6.

**B. Plaintiff's Motion for Sanctions**

Plaintiff requests sanctions pursuant to Rule 37, Fed.R.Civ.P., for Defendant Ryan's and his counsel's alleged perjury, misrepresentation, and evasion in response to Plaintiff's motion to compel. (Doc. 132) Rule 37(c) allows for sanctions when the non-moving party *fails* to provide information. Fed.R.Civ.P. 37(c)(1). After reviewing Defendant Ryan's responses

to discovery requests and Plaintiff's motion to compel, the Court finds that he answered all requests and did not fail to provide information to Plaintiff's requests or information required by Rule 26(a) or (e), Fed.R.Civ.P. Further, the Court will not assess sanctions pursuant to its inherent power because to the extent Defendant Ryan misstated any facts in his responses, they seem to have been the product of vague and ambiguous requests rather than deliberate misstatements.

### C. Plaintiff's Motion to Strike

Plaintiff requests that the Court strike Defendant Ryan's response, doc. 137, to Plaintiff's motion for sanctions, doc. 133. Defendant Ryan's response is not a pleading to which Rule 12(f), Fed.R.Civ.P., applies. *See* Fed.R.Civ.P. 7(a); *Yount*, 2009 WL 995596, at *11. Because there is no statute, rule, or order that authorizes Plaintiff's motion to strike, the Court denies Plaintiff's motion to strike.

### IV. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel, doc. 104, is **GRANTED in part** and **DENIED in part** as follows:

1) the motion is **granted** as to Plaintiff's request for Production No. 3, and Defendant Ryan is ordered promptly to produce those documents requested subject to the limitation of logs in which temperatures were recorded, redacted as necessary for security purposes;

2) the motion is **granted** as to Plaintiff's request for Interrogatory No. 4, and Defendant Ryan is ordered promptly to comply, and may redact as necessary information that discloses the identity of specific inmates or officers, or any other matter that may otherwise create a specific threat to institutional security;

3) the motion is **granted** as to Plaintiff's request for Interrogatory No. 13, and Defendant Ryan is ordered promptly to identify all documents used to transfer Plaintiff to RDU on May 8, 2009, and to SMU I in August 2009;

4) the motion is **granted** as to Plaintiff's request for Admission No. 6, and Defendant Ryan is ordered promptly to either deny the matter, or qualify his admission with his understanding of the term "involved in;" and

5) the motion is otherwise **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions, doc. 133, is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike, doc. 150, is **DENIED.**

DATED this 23rd day of November, 2011.

Lawrence O. Anderson
United States Magistrate Judge

- 15 -