**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Karl Louis Guillen, | ) | No. CV-10-226-PHX-JWS (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Quincy Owens, et al, | ) | |
| Defendants. | ) | |

This case comes before the Court on Defendants' timely Motion to Extend Time to File Dispositive Motions. (Doc. 173)  Because of the urgency of a ruling and there being no undue prejudice to Plaintiff by doing so, the Court rules on the Motion without waiting for a response.

On April 14, 2011, the Court entered a Scheduling and Discovery Order, establishing a December 2, 2011 deadline for filing dispositive motions. (Doc. 55) On December 2, 2011, Defendants filed the pending motion, seeking to extend the dispositive motion deadline for sixty days. Defendants' counsel, Assistant Attorney General Michael Gottfried, explains that he was recently assigned to this case because the previous counsel handling this matter, Michele Forney, was moved to another section of the Attorney General's Office. Defendants' counsel explains that he needs an additional sixty days to familiarize himself with this case and to prepare a dispositive motion.

Mr. Gottfried's characterization of his assignment to this case as "recent" is a bit

of an exaggeration. The record reflects that Mr. Gottfried was substituted as counsel on October 28, 2011. (Doc. 166)  Thus, he has had at least thirty days to familiarize himself with this matter and to prepare a dispositive motion. Counsel does not provide any reason, aside from his "recent" assignment to this matter, why he is unable to timely file a dipositive motion.

Moreover, Mr. Gottfried does not explain why the former attorney assigned to this case, Ms. Forney, did not prepare a dispositive motion before being moved to a different section in the Attorney General's office.  Former counsel was surely aware of the December 2, 2011 dispositive motion deadline, and there is no explanation why she was unable to prepare a dispositive motion before her transfer. Further, because Ms. Forney still works at the Attorney General's office, albeit in "another section," the Court cannot discern why Ms. Forney, who is familiar with this case, cannot share her knowledge with Mr. Gottfried and assist in preparing a dispositive motion. In short, Defendants' counsel has not explained how, what appears to have been a routine staffing change, has impeded his or the Attorney General's office ability to meet the dispositive motion deadline in a case that is nearly two years old.

Federal Rule of Civil Procedure 6(b)(1) provides that:

When an action may or must be done within a specified time, the court may, for *good cause*, extend the time:

(A) with or without motion or notice it the court acts, or if a request is made, before the original time or its extension expires.

Fed.R.Civ.P. 6(b)(1) (emphasis added).

The Ninth Circuit has equated the good cause standard with the exercise of due diligence. Specifically, the Ninth Circuit has explained that the district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted). "Good cause" means the Rule 16 scheduling deadlines cannot be met despite the party's diligence, citing Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990). *Id.*

The ordinary staffing change described in Defendants' motion does not satisfy the good cause standard, especially where the former counsel still works in the Attorney General's Office, had knowledge of the dispositive motion deadline, and presumably can educate the new attorney regarding this matter.  There is no evidence that, despite the exercise of diligence, Defendants could not have meet the dispostive motion deadline. As this Magistrate Judge has previously written by analogy to Rule 4(m), "[t]o hold that good cause has been shown here 'would allow the good cause exception to swallow the rule.'" *Williams v. City of Mesa*, 2010 WL 2803880, * 1 (D.Ariz. Jul 15, 2010) (quoting *Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987)). "In these days of heavy case loads, trial courts . . . set schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Hostnut.Com, Inc. v. Go Daddy Software, Inc.*, 2006 WL 1042335, * 1 (D.Ariz. April 19, 2006) (quoting *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) (internal quotation marks omitted). "The parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders. . . ." *Id*.

Although the Court does not find good cause for purposes of Rule 6(b)(1)(A), Federal Rule of Civil Procedure 16 authorizes the district court to control its cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *See In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2009) (quoting Fed.R.Civ.P. 16 advisory committee's note, 1983 Amendment). After consideration of this matter, understanding the current heavy caseloads in the Attorney General's Office, the many challenges defending *pro se* prisoner lawsuits, and the benefits of resolving cases or eliminating issues that may not warrant a trial, the Court will grant a brief extension of the dispositive motion deadline pursuant to its inherent authority to manage its cases. *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) (recognizing that "all federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.").

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Extend Time to File Dispositive

Motions for sixty days, doc. 173, is **DENIED**. Pursuant to the Court's inherent powers, however, the Court hereby extends the dispositive motion deadline to **Friday**, **December 16, 2011.**  No further extensions will be granted.

DATED this 2nd day of December, 2011.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge