**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karl Louis Guillen, | No. CV 10-0226-PHX-JWS (LOA) |
| Plaintiff, | **ORDER** |
| v. | |
| Quincy Owens, et al., | |
| Defendants. | |

Plaintiff Karl Louis Guillen is confined in Special Management Unit I of the Arizona State Prison Complex-Eyman, in Florence, Arizona. Doc. 8. Plaintiff has filed a *pro se* complaint regarding conditions of his confinement, alleging that he is being held unconstitutionally in solitary confinement and torturous conditions. His case is assigned to Judge John W. Sedwick.

Plaintiff has filed a Request for Change of Judge for Cause and Prejudice. Doc. 175. Attached to the request is an affidavit by Plaintiff setting forth the grounds for his motion. Judge Sedwick interpreted the request as a motion to recuse under 28 U.S.C. § 144, and requested that it be assigned to another judge for decision. Doc. 176. The Clerk assigned the request to the undersigned judge. *Id.*

The undersigned agrees that Plaintiff's motion appears to be brought under 28 U.S.C. § 144. That section applies when a party to a proceeding believes that the district judge "has a personal bias or prejudice either against him or in favor of any adverse party[.]" 28 U.S.C. § 144. "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citations

omitted). When a party files such an affidavit, the district judge normally is required to refer the matter to another judge for decision. 18 U.S.C. § 144; *Sibla*, 624 F.2d at 867.

Plaintiff's motion appears to be based entirely on Judge Sedwick's rulings in this case. Plaintiff notes that Judge Sedwick "has denied even temporary relief from the 16 years of isolation." Doc. 175 at 2. Plaintiff also notes that Judge Sedwick denied Plaintiff's request that Defendants be ordered to inspect various pieces of equipment and take temperature readings. *Id.* at 3; Doc. 171. Plaintiff alleges that he is being housed in a "torture cell" that is unreasonably hot. Judge Sedwick denied Plaintiff's request because it "does not involve discovery contemplated in the Federal Rules of Civil Procedure" and "Plaintiff cites no authority to support the request." Doc. 171. Plaintiff asserts that "common sense" justifies requiring Defendants to take temperature readings in a case alleging unreasonably hot housing conditions, and that the lack of a prison library makes it impossible for Plaintiff to cite authority. Doc. 175 at 3. Plaintiff states that he does not complain about these rulings themselves, but asserts that they show blindness, unfitness, and inexcusable neglect of common judicial sense. *Id.* at 3-4.

The standard for recusal under section 144 is "whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993), *cert. denied*, 510 U.S. 1076 (1994) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). "The Supreme Court has . . . addressed the question of whether the personal bias or prejudice alleged in support of a motion for recusal . . . must stem from an extrajudicial source. The Court determined that judicial rulings may support a motion for recusal, but only 'in the rarest circumstances' where they evidence the requisite degree of favoritism or antagonism." *United States v. Chisilly*, 30 F.3d 1144, 1149 (9th Cir.), *cert. denied*, 513 U.S. 1132 (1994) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Indeed, "*Liteky* instructs that 'judicial rulings *almost never* constitute a valid basis for a bias or partiality motion' and *per se* 'cannot possibly show reliance upon an extrajudicial source' in a judge's deliberations." *Id.* (emphasis in *Chisilly*); *see Poland v. Stewart*, 117 F.3d 1094, 1104 (9th

Cir. 1997).  Thus, adverse rulings generally are "not sufficient to require recusal, even if the number of such rulings is extraordinarily high." *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1224 (9th Cir. 1990), *cert. denied*, 504 U.S. 957 (1992).

The undersigned does not find that Judge Sedwick's rulings show any level of antagonism or favoritism, much less the high level required to satisfy the "rarest circumstances" standard identified by the Supreme Court.  Judge Sedwick denied Plaintiff's request for temporary relief because Plaintiff failed to make the showings required for a temporary restraining order or preliminary injunction.  Doc. 73.  Judge Sedwick also correctly denied Plaintiff's discovery request.  Doc. 171.  The Federal Rules of Civil Procedure simply do not include a discovery tool that requires an opposing party to inspect property or take measurements.[1]

In summary, Plaintiff bases his motion solely on Judge Sedwick's rulings in this case, such a basis generally cannot support a motion for disqualification under section 144, and Plaintiff has not shown that this is one of the rare cases where rulings evince bias on the part of the judge.  Because no reasonable person with knowledge of all the facts could conclude that Judge Sedwick's impartiality might reasonably be questioned, the motion is denied.

**IT IS ORDERED** that Plaintiff's Request for Change of Judge for Cause and Prejudice (Doc. 175) is **denied**.

DATED this 2nd day of March, 2012.

_____
David G. Campbell
United States District Judge

---

[1] The rules do permit Plaintiff, if the discovery period were still open (see Doc. 169), to request documents that reflect temperatures in Plaintiff's facility (if such documents exist) or to ask written questions regarding temperatures at the facility (*see* Fed. R. Civ. P. 33, 34), but these are not the kinds of requests Plaintiff made (*see* Doc. 146).

- 3 -