**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karl Louis Guillen,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Quincy Owens, et al.,<br><br>　　　　　Defendants. | No. CV10-0226 PHX JWS (LOA)<br><br>**ORDER** |

Plaintiff Karl Louis Guillen filed a *pro se* complaint regarding conditions of his confinement. His case is assigned to Judge John W. Sedwick. On March 2, 2012, the undersigned judge entered an order denying Plaintiff's request for a change of judge. Doc. 211.

Plaintiff has filed a new document titled "Motion for Change of Judge for Cause With Affidavit." Doc. 237. Plaintiff has also filed an affidavit in support of his motion. Doc. 238. Judge Sedwick interpreted the motion as one to recuse under 28 U.S.C. § 144, and requested that it be assigned to another judge for decision. Doc. 239. The Clerk assigned the motion to the undersigned judge. Doc. 240.

Plaintiff's motion does appear to be brought under 28 U.S.C. § 144. That section applies when a party to a proceeding believes that a district judge "has a personal bias or prejudice either against him or in favor of any adverse party[.]" 28 U.S.C. § 144. "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citations omitted.)

When a party files such an affidavit, the district judge normally is required to refer the matter to another judge for decision. 18 U.S.C. § 144; *Sibla*, 624 F.2d at 867.

Plaintiff's new motion is based on Judge Sedwick's grant of summary judgment for Defendants. Plaintiff alleges that Judge Sedwick misapplied the law (Doc. 237 at 1), granted continuances to Defendants but did not permit Plaintiff to rebut new claims in reply (*id.* at 2), took no action to protect Plaintiff from being moved to SMU II (*id.*), and did not follow rules, precedent, or common sense (*id.*). Plaintiff's affidavit makes similar assertions, arguing that Judge Sedwick violated Rule 56(c) of the Federal Rules of Civil Procedure (Doc. 238 at 2), improperly relied upon *Edwards v. Balisok*, 520 U.S. 641 (1994) (*id.*), relied on arguments not made by Defendants (*id.*), and failed to draw inferences in Plaintiff's favor (*id.* at 3).

As the undersigned explained in the previous order denying a change of judge in this case (Doc. 211), the standard for recusal under § 144 is "whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *Taylor v. Regents of Univ. of Cal.,* 993 F.2d 710, 712 (9th Cir. 1993), *cert. denied*, 510 U.S. 1076 (1994) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). "The Supreme Court has . . . addressed the question of whether the personal bias or prejudice alleged in support of a motion for recusal . . . must stem from an extrajudicial source. The Court determined that judicial rulings may support a motion for recusal, but only 'in the rarest circumstances' where they evidence the requisite degree of favoritism or antagonism." *United States v. Chisilly*, 30 F.3d 1144, 1149 (9th Cir.), *cert. denied*, 513 U.S. 1132 (1994) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Indeed, *"Liteky* instructs that 'judicial rulings *almost never* constitute a valid basis for a bias or partiality motion' and *per se* 'cannot possibly show reliance upon an extrajudicial source' in a judge's deliberations." *Id*. (emphasis in *Chisilly*). Thus, adverse rulings generally are "not sufficient to require recusal, even if the number of such rulings is extraordinarily high." *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1224 (9th Cir. 1990), *cert. denied*, 504 U.S. 957 (1992).

The undersigned does not find that Judge Sedwick's ruling on summary judgment shows the antagonism or favoritism required to satisfy the "rarest circumstances" standard identified by the Supreme Court. Judge Sedwick explained the basis for his ruling on each of Plaintiff's claims, citing relevant authority and explaining why Plaintiff had not created sufficient questions of fact to defeat summary judgment. Doc. 227. The issue is not whether Judge Sedwick's ruling was correct, but whether it shows bias. The summary judgment ruling clearly does not satisfy this standard.

Plaintiff's affidavit asserts his belief that Judge Sedwick engaged in *ex parte* communications with Defendants. Plaintiff bases this belief on the fact that Judge Sedwick informed Defendants there would be no more continuances and then granted three, and on Judge Sedwick's denial of Plaintiff's request to submit supplemental evidence. Doc. 238 at 3. Plaintiff does not cite the continuances he is referring to, but the Court notes that this case has been assigned to Magistrate Judge Lawrence O. Anderson for day-to-day case management and it appears the continuances afforded Defendants were all granted by Judge Anderson, not Judge Sedwick. *See* Docs. 208, 210, 219. Judge Sedwick did deny Plaintiff's motion to submit newly discovered evidence, but he did so because Defendants did not dispute the incident reflected in the proposed evidence. Doc. 227 at 4.

In summary, Plaintiff bases his motion solely on Judge Sedwick's rulings in this case, or on rulings by Judge Anderson that cannot be attributed to Judge Sedwick. Such a basis generally cannot support a motion for disqualification under § 144, and Plaintiff has not shown that this is one of the rare cases where rulings evince bias on the part of a judge.

**IT IS ORDERED** that Plaintiff's Motion for Change of Judge for Cause With Affidavit (Doc. 237) is **denied**.

Dated this 15th day of May, 2012.

_____
David G. Campbell
United States District Judge